# SUPERIOR COURT
of the
# STATE OF DELAWARE

Jeffrey J Clark
Resident Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

November 15, 2023

Mr. John T. Driggus
33 Edgewood Road
Dover, DE 19901

Mr. Walter J. O'Brien, Esquire
Weber Gallagher
2 Penns Way, Suite 300
New Castle, DE 19702

Submitted:  October 13, 2023
Decided   November 15, 2023

**RE:  *John T. Driggus v. State Farm Mutual Automobile Insurance Company,
K23C-01-015 JJC***

Dear Mr. Driggus and Mr. O'Brien:

Plaintiff John Driggus sues Defendant State Farm Mutual Automobile
Insurance Company for compensation for injuries and property damage caused by
an accident occurring on January 13, 2021.   He alleges the accident to be the fault
of another driver.  Although Mr. Driggus' complaint does not specify a particular
claim against State Farm, it provides reasonable notice that he seeks either uninsured
or underinsured motorist benefits (hereafter collectively "UM" benefits).

At the accident scene, the police cited Mr. Driggus, and not the other driver,
with several traffic offenses.  Mr. Driggus pled not guilty to the citations in the Court
of Common Pleas, and the court later dismissed the charges on the day of trial.
Notwithstanding this favorable outcome, he, in part, attempts to appeal that dismissal

in his civil complaint.  As relief, he seems to request a criminal trial in the Court of Common Pleas so he can demonstrate that the accident was the other driver's fault.

Initially, State Farm moved to dismiss Mr. Driggus' suit because he failed to allege (1) that the alleged tortfeasor had no insurance, which would be necessary for an *un*insured claim, or (2) that Mr. Driggus has recovered all available insurance from the alleged tortfeasor, which would be necessary for an *under*insured claim. When both parties presented their positions, they referenced materials neither incorporated into, nor integral, to the complaint.  As a result, the Court converted the motion to one for summary judgment.  The Court then provided the parties the opportunity to supplement the record.

After considering the parties' positions and the record, the Court grants summary judgment in State Farm's favor for two reasons.  First, Mr. Driggus misunderstands the process and timing necessary in a criminal appeal.  Second, Mr. Driggus fails to meet a prerequisite to recover UM benefits from State Farm.  He has not exhausted the other driver's insurance which precludes his UM claim.

### Procedural Background and Facts of Record

The facts recited below are those of record viewed in the light most favorable to Mr. Driggus.  On January 13, 2021, Mr. Driggus changed lanes on southbound Dupont Highway, near Harrington.[1]  During that lane change, he and another car collided.[2]  At the scene of the accident, a Delaware State Police trooper ticketed Mr. Driggus for (1) failure to have an insurance card in his possession; (2) an improper lane change; and (3) driving with an obstructed view.[3]  For the purpose of this summary judgment motion, however, the Court assumes that the other driver's

---

[1] Compl., Ex. 1 at 2.
[2] *Id.*
[3] Compl., Ex. 4 [hereinafter "Ct. of Common Pleas Criminal Dkt"].

negligence was the sole cause of the accident. The Court also assumes that Mr. Driggus suffered personal injuries and property loss because of the accident.

From the outset, Mr. Driggus disagreed with the citations and challenged them in the Court of Common Pleas.[4] For Mr. Driggus' benefit, it is important to emphasize that he was involved in a criminal proceeding in that case and that the State of Delaware was the opposing party, not State Farm. There, he pled not guilty to the charges and demanded a jury trial.[5] When the June 2022 trial day arrived, the Court dismissed the charges pursuant to Delaware Court of Common Pleas Criminal Rule 48(b).[6]

Mr. Driggus then filed suit in the Superior Court (1) approximately six months after the court dismissed his criminal case, and (2) nearly two years after the accident. In his complaint, he demands compensation from State Farm for property damage and pain and suffering.[7] He also seeks to appeal the Court of Common Pleas' dismissal of the charges.[8] In the portion of his complaint seeking to appeal the dismissal, he contends that the other driver was at fault and that the State should have ticketed the other driver.[9] As a remedy, Mr. Driggus' complaint seems to request a criminal trial so he can relitigate the issue of fault.

Presently, State Farm moves for summary judgment while focusing on the UM aspect of this case. It contends that Mr. Driggus cannot demonstrate he qualifies for UM coverage under 18 *Del. C.* § 3902 or his policy.[10] Primarily, State Farm

---

[4] *Id.*

[5] Ct. of Common Pleas Criminal Dkt.

[6] *See* Ct. Com. Pl. Crim. R. 48(b) (providing that the court may dismiss all charges against an accused where there is unnecessary delay in bringing a defendant to trial).

[7] Mr. Driggus later filed an amended complaint clarifying that he seeks recovery for both property damage and pain and suffering. Going forward, the Court will refer to the complaint and the amended complaint collectively as "the complaint."

[8] Compl. ¶ 4.

[9] *Id.*

[10] Def.'s Mot. to Dismiss ¶¶ 4–5.

contends that Mr. Driggus cannot show that the other driver had no insurance, which forecloses an *un*insured motorist claim. Alternatively, State Farm contends that Mr. Driggus cannot show that he exhausted the other driver's insurance coverage, which forecloses an *under*insured claim. State Farm further emphasizes that the two separate two-year statutes of limitations that would apply to claims against the other driver for property damage and personal injury have expired.[11] In opposition, Mr. Driggus does not address the exhaustion issue. Rather, he reiterates that he believes the other driver to be at fault for the accident.[12]

After the Court converted the motion to one for summary judgment, it provided the parties until October 13, 2023, to supplement the record.[13] At the oral argument, the Court invited Mr. Driggus to supplement his filings with any correspondence that he had received from State Farm that could support an estoppel argument against State Farm, or alternatively an argument that State Farm waived its right to insist that he prove exhaustion of coverage.[14] The Court raised those issues because of (1) Mr. Driggus' *pro se* status, and (2) State Farm's representation that it insured both Mr. Driggus *and* the other driver. Circumstances where the same carrier insures both parties involved in an accident can, in some circumstances, cause confusion for a *pro se* claimant given the interplay between personal injury protection coverage, liability coverage, and UM coverage.

State Farm accepted the invitation to supplement the record. It did so with the police report from the accident, a copy of the other driver's declaration page, and a

---

[11] *Id.* ¶ 7.

[12] Pl.'s Resp. to Def.'s Mot. to Dismiss ¶¶ 1–3.

[13] *See Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1288 (Del. 2007) (recognizing that if the Court opts to convert the motion from one to dismiss to one for summary judgment, the Court must provide the parties at least ten-days' notice to give the parties a reasonable opportunity to respond and supplement the record).

[14] *See* 27 Am. Jur. *Proof of Facts* 2d 683, § 2 (1981) (explaining that an insurer may be estopped from denying a claim where it "acts in [a] manner inconsistent with lack of coverage and insured reasonably relies on those actions to its detriment").

renewal notice for the other driver's policy. In the police report, the investigating trooper wrote that the other driver provided proof that he was insured at the time of the accident.[15] Furthermore, the other driver's State Farm declaration page and renewal notice demonstrate that the other driver had a valid automobile insurance policy in effect between January 25, 2019, and January 25, 2021, which included the day of the accident.[16]

Mr. Driggus, on the other hand, did not supplement the record. Namely, he provided no evidence that he exhausted other coverages. Nor did he provide correspondence from State Farm that could support an inference that State Farm somehow excused or waived the exhaustion requirement. Finally, he identified no evidence that demonstrates any action taken by State Farm to mislead or confuse him during the claims process.

## Standard

When a party files a motion to dismiss under Rule 12(b)(6) and relies upon matters outside the pleadings, the Court must either convert the motion to one for summary judgment or decline to consider the supplemental materials.[17] If the Court converts the motion, it must provide the parties sufficient notice to permit them to supplement the record to support their positions.[18]

After conversion, Superior Court Civil Rule 56(c) provides for summary judgment if there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. The movant carries the initial burden of demonstrating that there are no genuine issues of material fact.[19] If the movant

---

[15] D.I. 29, Ex. 1.
[16] *Id.*, Ex. 2, 3.
[17] *In re Santa Fe Pacific Corp. Shareholder Lit.*, 669 A.2d 59, 68 (Del. 1995).
[18] Super. Ct. Civ. R. 12(b)(6).
[19] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

meets his or her initial burden, the burden shifts to the non-moving party to demonstrate a factual dispute.[20] At that point, the non-movant cannot rest on mere allegations or denials.[21] Rather he or she must identify a factual dispute through affidavits or other acceptable means.[22] When deciding a motion for summary judgment, the Court must consider the evidence of record in the light most favorable to the non-moving party.[23]

## Discussion

Summary judgment in favor of State Farm is appropriate for two principal reasons. First, Mr. Driggus cannot appeal a decision in his criminal case with a civil complaint, and he is otherwise barred from filing a criminal appeal under the circumstances. Second, he has not exhausted the alleged tortfeasor's insurance coverage.

At the outset, Mr. Driggus' attempt to appeal the Court of Common Pleas' dismissal of his criminal charges demonstrates a misunderstanding of certain aspects of the criminal justice system. Namely, the State of Delaware was the opposing party in his criminal case, not State Farm. Here, Mr. Driggus seeks to appeal the lower court's criminal decision in his civil complaint but does not include the State of Delaware as a party. Furthermore, Mr. Driggus prevailed in his criminal case. As the prevailing party, he could have obtained no better result than dismissal. Simply put, there is nothing to appeal. Furthermore, he seems to seek a new criminal trial to establish the other driver's guilt, which is not possible because he was the only named defendant. Finally, even if there were a basis for Mr. Driggus' appeal, the fifteen-day deadline to appeal a Court of Common Pleas' decision expired

---

[20] *Id.*
[21] Super. Ct. Civ. R. 56(e).
[22] *Brzoska v. Olson*, 668 A.2d 1355, 1365 (Del. 1995).
[23] *Id.*

approximately six months before he filed suit.[24]   Because Mr. Driggus did not file a timely appeal, which is a jurisdictional requirement, the Court has no ability to consider the matter.

Turning to Mr. Driggus' UM claim, State Farm meets its initial burden on summary judgment by emphasizing that the record contains no evidence that he triggered his UM claim by exhausting available insurance.  In fact, State Farm goes further by demonstrating that the other driver had coverage.  Both showings independently shift the burden to Mr. Driggus to demonstrate a material issue of fact regarding exhaustion.

A Delaware statute controls the inquiry regarding whether Mr. Driggus meets his  burden.  It provides that a UM claimant who fails to meet certain requirements has no valid claim.[25]   Specifically, 18 *Del. C.* § 3902(b)(3) provides that an insurer is not required to pay UM benefits "until after the limits of liability under all bodily injury bonds and insurance policies available to the insured at the time of the accident have been exhausted by payment of settlement or judgments."  Given such a condition, the Court cannot excuse a claimant's obligation to exhaust other insurance even when the claimant is unaware of the requirement.  In summary,  as a matter of law, a claimant cannot recover UM benefits if that claimant cannot establish that (1) the other driver had no insurance available, *or* (2) the claimant has recovered all insurance available to the other driver.[26]

In this case, Mr. Driggus does not contend that he exhausted the other driver's insurance.  Moreover, the police report and the alleged tortfeasor's declaration page and renewal notice show that the other driver, in fact, had insurance.  On this record,

---

[24] *See* Superior Court Criminal Rule 39(a) ("[a]ll appeals to Superior Court shall be taken within 15 days from the date of sentence . . .").

[25] *Martin v. Nat'l Gen. Assurance Co.*, 212 A.3d 269, 2019 WL 2402927, at \*2 (Del. June 5, 2019) (TABLE).

[26] *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 439–40 (Del. 2005).

there is no factual dispute that Mr. Driggus failed to recover those policy limits through settlement or suit. As a result, he cannot recover UM benefits from his own policy.

As a final matter, the Court has considered an alternative to summary judgment given Mr. Driggus' *pro se* status. Namely, even though Mr. Driggus has not asked to amend his complaint to include the other driver in the suit, the Court has considered whether it should permit him to do so. Such an amendment, if it were possible, could enable Mr. Driggus to trigger UM coverage by first exhausting the other driver's coverage.

Under the circumstances of this case, however, such an amendment would be futile.[27] As State Farm correctly emphasizes, the two-year statutes of limitations to sue the other driver have passed.[28] The accident occurred on January 13, 2021. Mr. Driggus sued State Farm on January 11, 2023.[29] Notably, at the time Mr. Driggus filed suit, he could have included the other driver as a party. At present, however, significantly more than two years have passed since the accident. There is now a jurisdictional bar to claims against the other driver, which the Court has no ability to excuse. As a result, such an amendment would be futile because it would not survive a Rule 12(b)(6) motion to dismiss.[30]

---

[27] *See Shaffer v. Dixon*, 2023 WL 2493279, at *3 (Del. Super. Mar. 14, 2023) (declining to grant leave to amend a complaint to avoid summary judgment because the amendment would be futile as it would be subject to dismissal under Rule 12(b)(6) for failure to state a claim).

[28] *See* 10 Del. C. § 8107 ("No action to recover damages for … for injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of such action."); *see also* 10 Del. C. § 8119 ("No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained[.]").

[29] In fact, a separate statute of limitations applies to his UM claim – three years from the date it accrues. *Allstate v. Spinelli*, 443 A.2d 1286, 1289-90 (Del. 1982). Despite the longer limitation period available to sue State Farm, the expiration of the statute of limitations against the other driver makes it impossible for Mr. Driggus to satisfy the exhaustion requirement necessary for his UM claim.

[30] *Shaffer*, 2023 WL 2493279, at *3.

In summary, for summary judgment purposes, the Court assumes that Mr. Driggus would have a valid underinsured claim if he could meet the exhaustion requirement. Unfortunately, he has not exhausted, and now cannot exhaust, the other driver's coverage. It follows that summary judgment would remain appropriate even if he were to amend his complaint.

## Conclusion

For the reasons discussed above, Mr. Driggus' civil suit is not the appropriate mechanism to appeal a decision in a criminal case. Furthermore, he has not exhausted the alleged tortfeasor's insurance. As a result, Mr. Driggus cannot recover UM benefits. Summary judgment in favor of Defendant State Farm must be **GRANTED**.

**IT IS SO ORDERED.**

Very truly yours,

/s/ Jeffrey J Clark
Resident Judge

JJC:klc